355 So.2d 1106 (1978)
Billy BELL
v.
STATE of Mississippi.
No. 50446.
Supreme Court of Mississippi.
March 8, 1978.
*1107 Morris C. Phillips, Jr., A.R. Wright, Jr., Carthage, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, WALKER and BOWLING, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from the Circuit Court of Leake County wherein Billy Bell was indicted for the crime of uttering a forgery, convicted and sentenced to fifteen years in the custody of the Mississippi Department of Corrections. The assignments of error are that the trial court erred in imposing the maximum sentence of fifteen years, in failing to direct a verdict for the defendant after the state had rested, and in disallowing credit for jail time while awaiting trial.
The words of the indictment set forth that the violation charged was based upon uttering and publishing as true a check in the sum of $150 knowing that the same was forged with the willful intent to defraud the Bank of Walnut Grove, Mississippi.
Mississippi Code Annotated section 99-19-81 (Supp. 1977) which mandates the sentencing of habitual criminals to maximum imprisonment is not a part of the indictment. Nevertheless, the trial court in sentencing the appellant apparently thought his previous convictions commanded the maximum sentence. The court stated:
At the November, 1976, term of Court in and for Leake County, Mississippi, you were sentenced to serve a term of one year in the State Penitentiary. At the December term of Court in Madison County, you were sentenced to serve three years in the custody of the State Department of Corrections and placed on good behavior for a period of five years. Section 99-19-81 of the Mississippi Code of 1972 As Annotated provides that every person convicted in this state of a felony, been convicted twice previously of any felony, upon charges separately brought and arising out of separate incidents at different times and shall have been sentenced to separate terms of one year or more in any state or federal penal institution, shall be sentenced to the maximum term of imprisonment prescribed for the charge. You have been charged with the crime of forgery, and you have been found guilty of the charge of forgery. I have no alternative, but to sentence you to the maximum number of years for the crime of forgery. It is the sentence of this Court that you be sentenced to serve a term of fifteen years in the State Penitentiary, and that the sentence hereby imposed commence to run as of this date. *1108 Take charge of him, Mr. Sheriff. (Emphasis added.)
In Lay v. State, 310 So.2d 908 (Miss. 1975), we held:
... Under our practice, if enhanced punishment is sought, the indictment or affidavit must include both the principal charge and a charge of previous convictions and both charges proved before punishment may be enhanced. Watson v. State, 291 So.2d 741 (Miss. 1974); Burnett v. State, 285 So.2d 783 (Miss. 1973); Ladnier v. State, 273 So.2d 169 (Miss. 1973); McGowan v. State, 269 So.2d 645 (Miss. 1972); and Branning v. State, 224 So.2d 579 (Miss. 1969).
(310 So.2d at 910)
We cannot satisfactorily resolve, from the record, whether the trial court imposed the maximum sentence mistakenly believing the mandate of the habitual criminal statute, Section 99-19-81, had application and thereby removed the possibility of a lesser sentence as permitted by Mississippi Code Annotated section 97-21-33 (1972) which designates punishment from two to fifteen years for forgery. It is entirely possible the maximum sentence is legal and therefore proper if it was the product of judicial discretion permitted by Section 97-21-33 because it is within the limitations of the statute. Stated differently, if the maximum sentence was the result of the mandate of the habitual criminal statute, it was erroneous because that statute was not part of the indictment, but if the sentence resulted from judicial discretion, then it is valid. This dilemma, in our opinion, can only be determined by a review by the trial court.
The evidence is uncontradicted and overwhelming that the appellant is guilty of forgery. We therefore find no merit in the second assignment of error.
The appellant finally contends he was deprived of four to six days by the sentence, depending on the time of his incarceration pending trial by the lower court. The computation of credit for days spent in a county jail awaiting trial is, as we understand it, a purely administrative function of the Department of Corrections, but if this is not so at the time the sentence is reviewed by the trial court, it may give credit for the days of confinement pending trial.
The verdict of guilty is affirmed. The cause is remanded to the trial court for review and correction of sentence if found appropriate.
AFFIRMED AND REMANDED.
SMITH, P.J., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.