## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-KA-00061-SCT

*ARTHUR L. STEVENSON*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 1/11/93 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EUGENE A. PERRIER |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 5/16/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/6/96 |

**EN BANC.**

**ROBERTS, JUSTICE, FOR THE COURT:**

### INTRODUCTION

¶1. This case involves the imposition of a sentence from a plea agreement of life imprisonment without parole during a time in which the version of Miss. Code Ann. Section 97-3-21 did not permit or provide for said sentence. Finding that said sentence upon this defendant was imposed without authority of law, the defendant's case is remanded for proceedings consistent with this opinion. ***See Patterson v. State***, 660 So. 2d 966 (Miss. 1995).

### STATEMENT OF THE CASE AND FACTS

¶2. The defendant, Arthur L. Stevenson (hereinafter Stevenson), was incarcerated in the Warren County jail on or about July 6, 1974. While incarcerated at said jail, Stevenson attacked and stabbed to death Deputy Sheriff A.J. "Holly" Koerper. Stevenson escaped from the Warren County jail and was subsequently arrested and indicted on July 6, 1974, for capital murder pursuant to Miss. Code Ann. Section 97-3-19 (2)(a), for killing a peace officer.

¶3. After a mistrial, two trials, two guilty verdicts, two death sentences, and two reversals on appeal, Stevenson was tried a fourth time in Rolling Fork, Mississippi, on April 3, 1978. Stevenson was retried for capital murder as the state was seeking the death penalty once again. However, following the pre-trial motions on the morning of April 3, 1978, the prosecutor, Stevenson's counsel, and Stevenson agreed to a plea bargain. The agreement stipulated that Stevenson would enter a guilty plea in exchange for the state not seeking the death penalty. After entering an informed guilty plea according to the trial court, Stevenson was sentenced to life imprisonment without the benefit of parole. Stevenson has been in the custody of the Mississippi Department of Corrections since April 3, 1978, and has been in custody since his arrest in 1974 following the murder of the deputy sheriff.

¶4. On May 3, 1988, Stevenson filed a motion to vacate judgment pursuant to the Post-Conviction Relief Act. The state answered said motion alleging that it was time-barred as the three-year statute of limitations pursuant to Miss. Code Ann Section 99-35-5(2) had expired. Stevenson's motion was denied as time-barred on December 9, 1988, and no appeal was taken.

¶5. Stevenson twice sought the relief of parole from the Parole Board. This request was denied, resulting in a continuance for two more years on his sentence.

¶6. On March 4, 1991, Stevenson filed another motion to vacate and set aside the sentence and conviction in Sharkey County pursuant to the Post-Conviction Relief Act. The state alleged that his second PCR motion was time-barred. Stevenson's second PCR motion was dismissed on March 13, 1991, as time-barred under Miss. Code Ann. § 99-35-5(2). No apparent appeal was taken.

¶7. After having attorney John W. Bullard removed as his attorney of record, Stevenson subsequently filed yet another PCR motion on July 8, 1992, to vacate the sentence and to resentence Stevenson with Eugene Perrier (hereinafter Perrier) as his attorney. Stevenson and Perrier asked the circuit court of Warren County to:

> withdraw any other motions or pleadings pending before this Honorable Court. In particular, movant **[Stevenson] no longer desires to pursue his request for an appeal out of time or a new trial or any other relief prayed for** in any pleadings filed before this court in either Warren County Cause Number 7742 or Sharkey County Cause Number 1363.

> WHEREFORE, PREMISES CONSIDERED, movant respectfully **requests that his present sentence of life imprisonment without the benefit of parole be vacated and that he be resentenced to life imprisonment** as stated under the applicable statute in effect of April 3, 1978. Further, that all pending requests for relief filed by movant be dismissed. And for such further relief and more general relief that movant may be entitled to receive.

(emphasis added).

¶8. An evidentiary hearing was held on December 15, 1992, by the Circuit Court of the Ninth Judicial District of Warren County and Sharkey County, Mississippi. The proceedings were held in the Board of Supervisors Room in the Warren County Courthouse. The State of Mississippi was represented by John S. Price, Warren County prosecuting attorney. Stevenson was present represented by Eugene Perrier.

¶9. The proceedings commenced with the state calling the former District Attorney, John Ellis, the former trial judge, Ben Guider, the former Circuit Clerk of Sharkey County, Mississippi, Don H. (Ike ) Collins, the

former Circuit Clerk of Warren County, Mississippi, George Culkin, Warren County Sheriff Paul Barrett, and, finally, the reporter of the Vicksburg Evening Post who covered the guilty plea, Alfred J. Messina, Jr., before resting its case. Perrier called James Harris Winfield, Stevenson's trial counsel during the plea and Arthur Stevenson before resting.[1] All of the state's witnesses testified that it was their understanding that the plea agreement for Stevenson was to be life without parole. However, Winfield and Stevenson both testified that they did not think that the plea agreement was for life without parole, but rather for simple murder with a life sentence meaning ten years.

¶10. In closing arguments, the state argued that its first defense was that this case should be referred back to Sharkey County for Stevenson to file an out-of-time appeal in accordance with Justice Robertson's July 17, 1989 Order[2] to contest the validity of Judge Nichols' December 19, 1988 ruling which dismissed Stevenson's first PCR petition as time-barred. The state's second defense was that the PCR request was time-barred as the three years had elapsed since the date of Stevenson's plea agreement. The third defense asserted by the state was that the plea agreement was knowingly, voluntarily and intelligently entered into, and thus valid and not against public policy.

¶11. Perrier argued in his closing argument that the plea agreement was invalid and had been invalid since April 3, 1978, because it provided for the enforcement of a penalty not contained within Miss. Code Ann. § 97-3-21 as it existed in 1978.[3] Perrier additionally argued that despite the fact that three years had elapsed within which it would normally have been proper to file Stevenson's PCR petition, the cases of ***Grubb v. State,*** [4] 584 So. 2d 786, 789 (Miss. 1991), ***Smith v. State***, 477 So. 2d 191, 195-196 (Miss. 1985) and ***Luckett v. State,*** 582 So. 2d 428, 430 (Miss. 1991), permit the Court to address the imposition of an unlawful sentence as it was plain error involving a fundamental constitutional right notwithstanding a procedural bar.

¶12. The third PCR was ruled upon on January 11, 1993, by the Honorable Frank G. Vollor. Judge Vollor issued the following ruling.

> Findings of fact:
>
> 1) That the plea of defendant, Arthur L. Stevenson, was intelligently, understandingly and voluntarily entered into,
>
> 2) That the plea agreed upon was the Defendant, Arthur L. Stevenson, would accept life and waive his privileges of applying for parole: in exchange, the State of Mississippi accepted life without benefit of parole and did not seek the death penalty,
>
> 3) That the defendant understood and appreciated that his sentence was to be without the benefit of parole.
>
> In view of these findings, this court proceeds to determine if defendant's sentence is lawful.
>
> The indictment did not charge defendant as a habitual offender which would have carried the sentence of life without parole; therefore, the sentence cannot fall under that section ***Bell v. State***, 355 So. 2d 1106 (Miss. 1978), ***Lay v. State,*** 310 So. 2d 908 (Miss. 1975).[5]
>
> The court must consider whether aside from the habitual offender statute, the sentence may require life without the benefit of parole.

The Court understands the defendant to concede and the statute 97-3-21(MCA) clearly provides that the penalty of life is lawful and correct.

The critical question this court must consider is whether the defendant is entitled to parole. Section 47-7-3 provides, "Every prisoner who has been or may hereafter be convicted of any offense against the State of Mississippi . . . . if sentence for the term of the natural life of such prisoner, has served not less than ten (10) years of such life sentence, may be released on parole . . . ." Nevertheless, parole is not automatic. The prisoner must make application to the parole board (47-7-17 MCA) and even then the Parole Board shall allow parole only for the best interest of society (47-7-17 MCA). An analysis similar to that suggested by Wesley Hohfeld (23 Yale Law Journal 16) of the legal relationships of the defendant and parole board will help clarify the question. The defendant by statute has a privilege that he may or may not exercise to apply for parole. Even if he exercises this privilege, he merely empowers the Parole Board to make a decision concerning his parole based on the best interest of society. When the defendant agreed as a condition of the plea bargain in which the state of Mississippi recommended life instead of seeking the death penalty that he would not exercise his privilege of applying for parole, the Circuit Court merely incorporated this agreement into the sentencing Order. Such an agreement is not unlawful or contrary to public policy. The Court standardly allows waivers of rights even of Constitutional proportions and it would be an anomaly to hold that defendant could not waive a mere statutory privilege.

This Court finds that the Sentencing Order of April 3, 1978, lawful and hereby overrules Defendant's motion to vacate sentence and resentence.

SO ORDERED this the 11th day of January, 1993.

(Emphasis added)

¶13. It is from the third PCR denial that Stevenson appeals to the Court in the case *sub judice*.[(6)]

### DISCUSSION OF ISSUES

**I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S MOTION TO VACATE SENTENCE AND MOTION TO RESENTENCE. THE LANGUAGE IN THE SENTENCING ORDER DATED APRIL 3, 1978, PROVIDING THAT THE LIFE SENTENCE "BE WITHOUT BENEFIT OF PAROLE" SHOULD BE HELD TO BE OF NO LEGAL EFFECT AND DELETED FROM THE ORDER.**

¶14. The state alleges in its brief, as previously argued by the state in the evidentiary hearing concerning this third PCR motion, but apparently not ruled upon by the trial court according to the language of the opinion, that this July 8, 1992, PCR motion is barred as being both successive and untimely. The state's position is that because Stevenson did not perfect an appeal from either of the prior PCR denials, that this third PCR should be barred pursuant to Miss. Code Ann. § 99-39-23(6) as successive and pursuant to Miss. Code Ann. § 99-39-5(2) as time-barred.

¶15. Specifically, the state asserts that the July 8, 1992, PCR is time-barred because Stevenson pled guilty on April 3, 1978, when the PCR Act was not in effect. Accordingly, the state asserts that Stevenson had

three years from the effective date of April 17, 1984, within which to file a PCR motion. Thus, April 17, 1987, is asserted by the state as the deadline Stevenson had within which to file a motion for post-conviction relief. Accordingly, because Stevenson did not even file his first PCR motion until May 3, 1988, all three were time-barred according to the state.[7]

¶16. The state also argued that the plea bargain agreement with Stevenson was enforceable as Stevenson could have waived his privilege for parole. The state points to the fact that the trial court found that Stevenson was specifically and clearly informed of the plea agreement and that he made a voluntary decision to enter into it. However, this Court notes a fact about the state's argument concerning the validity of the waiver, which they bring to the Court's attention, as was done during the evidentiary hearing, that at the time the case *sub judice* was filed, this Court had two other cases pending on precisely the same issue.[8] *Lanier v. State*, 635 So. 2d 813 (Miss. March 31, 1994) and *Patterson v. State*, 660 So. 2d 966 (Miss. 1995).

¶17. *Lanier* and *Patterson* held that a plea agreement with the State, whereby the defendant initially agrees, as in *Patterson,* or is tried, convicted, sentenced to death and after appeal is subjected to resentencing wherein the defendant subsequently agrees, as in *Lanier,* to life imprisonment **without the benefit of parole** for committing a murder under the pre-1994 version of §97-3-21, is an unenforceable and invalid agreement. *Lanier*, 635 So. 2d at 816-17; *Patterson*, 660 So. 2d at 966. Beginning with *Lanier*, and reiterated by *Patterson,* this Court's finding that such a plea agreement is unenforceable resulted in the respective defendants having the right to be sentenced by a jury and the state having the right to seek the death penalty. *Patterson*, 660 So. 2d at 966. "Both parties are placed back in the positions which they occupied prior to entering into the agreement." *Lanier* 635 So. 2d at 817 (*citing Sullivan v. Pouncey*, 469 So. 2d 1233, 1234 (Miss. 1985)).

¶18. This Court finds that the state, at both the trial level and in its argument on appeal, correctly recognized that the outcome of *Lanier* and *Patterson* would be determinative of the outcome of this case. Therefore, in light of *Lanier* and *Patterson*, this Court finds that Stevenson's case must be remanded.

## CONCLUSION

¶19. As noted in *Fuselier v. State*, 654 So. 2d 519, 523 (Miss.1995):

> While the desire of all parties to reach acceptable solutions in such difficult cases may be commendable, the fact remains that such desires can only be successfully accomplished with the strict confines of the law. This Court is mindful of the gamut of emotion and great expense involved in a potential retrial but must act as the law dictates.

¶20. This Court finds that Stevenson's case would generally be successive writ barred, procedurally barred and time-barred as the apparent last date for him to file a PCR motion would have been on April 17, 1987. However, this Court nevertheless finds that Stevenson can not be barred from challenging a sentence that we find as being unenforceable from the very beginning in 1978. Likewise, the cases of *Grubb, Luckett* and *Smith, supra* mean that even though an imposed sentence is otherwise barred, an unenforceable sentence is nevertheless plain error capable of being addressed. Therefore, coupled with this Court's recent decisions of *Lanier* and *Patterson*, our case law requires that the apparent bars be disregarded and that Stevenson's case be remanded.

¶21. As in ***Patterson***, Stevenson pled guilty and was sentenced before having been convicted by a jury. Therefore, because the defendant's sentence is unenforceable as beyond the scope of the statute's parameters, the case is remanded with a vacated plea as well. ["Both parties are placed back in the positions which they occupied prior to entering into the agreement." ***Lanier*** 635 So. 2d at 817, *citing* ***Sullivan v. Pouncey***, 469 So. 2d 1233, 1234 (Miss. 1985)]. Therefore, because the Court finds that the sentence imposed is unenforceable and of no effect, the plea is of no effect either. Thus, upon remand, the options of the state and the defendant are the exact same as they were at the point before trial ever began. The state can either plea bargain with Stevenson and ask for his waiver of a potential *ex post facto* violation and have life without parole imposed under the new statute, or Stevenson can go to trial with the possibility of receiving either the death penalty or life imprisonment with the possibility of parole, or the state can agree to allow Stevenson to simply plea and have a life sentence with the possibility of parole imposed.

¶22. **REVERSED AND REMANDED**.

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS AND SMITH, JJ., CONCUR. DAN LEE, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE AND MILLS, JJ.**

      **DAN LEE, CHIEF JUSTICE, DISSENTING**:

¶23. Once again I must dissent to the majority's continued adherence to its position that plea agreements such as the one in the case *sub judice* are void as against public policy.

¶24. This issue has been before this Court several times in recent years and the majority has shown no inclination towards changing its position. Nor have I. Rather than reiterate the reasoning for allowing such pleas once again, I simply choose herein to adopt the rationale and arguments contained in my separate opinions in ***Lanier v. State***, 635 So. 2d 813, 821 (Miss. 1994), and ***Patterson v. State***, 660 So. 2d 966, 969 (Miss. 1995). I would also call the majority's attention to the fact that the legislature amended Miss. Code Ann. § 99-19-101(1) effective July 1, 1994. As amended, this section permits the imposition of a sentence of life imprisonment without eligibility for parole for a defendant convicted of capital murder.

¶25. Accordingly, I respectfully dissent.

**McRAE AND MILLS, JJ., JOIN THIS OPINION.**

1. All original witnesses were subpoenaed to testify because there was no transcript of the plea hearing.

2. Justice Robertson previously entered an Order on July 17, 1989, addressing Stevenson's March 3, 1989, Petition for Writ of Mandamus concerning the failure of the Sharkey County Circuit Court to address Stevenson's 1988 motion to vacate judgment. Justice Robertson ruled that the Sharkey County Circuit Court did issue a ruling albeit not received by Stevenson. Accordingly, Justice Robertson dismissed Stevenson's motion to vacate without prejudice so that he could file an out-of-time appeal in the trial court in the first instance of that court's order denying his motion to vacate judgment.

3. As the statute existed in 1978, Miss. Code Ann § 97-3-21 <u>only</u> provided for <u>either</u> the death penalty <u>or</u> life imprisonment without any reference to parole upon conviction of capitol murder. Section 97-3-21 has subsequently been amended, effective July 1, 1994, which does allow life imprisonment without parole.

4. In *Grubb*, this Court vacated a trial court's imposition of life imprisonment by the trial judge because the statute, § 97-3-53, <u>only</u> permitted the <u>jury</u> to impose life. The statute restricted the judge to a maximum of thirty years. *Grubb*, 584 So. 2d at 789.

5. *Lay* was superseded by Mississippi Uniform Criminal Rule of Circuit Court Practice 6.04 (1979) as stated in *Davis v. State*, 377 So. 2d 1076, 1079 (Miss. 1979).

6. It appears from the trial court's Opinion that he did not rule upon and impliedly, presumably, did not find the PCR time-barred. However, this Court is not sure why.

7. Perrier did not address the time-bar issue in Stevenson's brief and did not file a reply brief.

8. However, the *Patterson* and *Lanier* cases did not appear to also involve a time-bar issue as the case *sub judice* allegedly does according to the state. However, the time-bar was argued at trial but not ruled upon by the trial court. Stevenson contended at the trial that this Court would permit the time-bar to be overlooked pursuant to *Grubb, Luckett* and *Smith, supra*.