## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 93-CA-00883-SCT

*MICHAEL WARREN WILLIE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/93 |
| TRIAL JUDGE: | HON. ROBERT G. EVANS |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: DEIRDRE McCRORY |
| | WAYNE SNUGGS |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | REVERSED AND REMANDED - 4/29/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/20/99 |

**EN BANC.**

**PRATHER, CHIEF JUSTICE, FOR THE COURT:**

### I. INTRODUCTION

¶1. This Court previously affirmed the appellant's capital murder conviction and reversed and remanded for resentencing. Under the capital murder sentencing scheme in effect at that time, the only sentencing options were life in prison and death. The appellant was then reindicted. The new indictment, unlike the original indictment, charged the appellant as an habitual offender. The appellant pled guilty to capital murder as an habitual offender, and agreed to a life sentence without parole.

¶2. This Court finds that the appellant's double jeopardy rights were violated by the second indictment for the crime of which he had already been convicted. Accordingly, this case is reversed and remanded for sentencing on the capital murder conviction obtained on the original indictment. Upon remand, the sentencing jury should be instructed on the options of life in prison, life in prison without parole, and death. In the alternative, should the appellant plead guilty, he may be sentenced to life in prison; or, upon a valid waiver of his ex post facto rights, the appellant may agree to a sentence of life in prison without parole.

## II. STATEMENT OF THE CASE

¶3. Michael Warren Willie was convicted of capital murder and sentenced to death in the Oktibbeha County Circuit Court for the 1989 robbery and shooting of a package-store owner. In 1991, this Court affirmed the conviction, but remanded for resentencing. *See Willie v. State*, 585 So. 2d 660 (Miss. 1991) (reversed because time for closing arguments was improperly limited during sentencing phase).

¶4. Upon remand, Willie was indicted a second time for this capital murder, even though his first indictment had not been dismissed, and, in fact, his conviction based on that first indictment had been affirmed by this Court. Unlike the first indictment, the second indictment charged Willie as an habitual offender. Willie pled guilty. Pursuant to the habitual offender statute (Miss. Code Ann. § 99-19-83), he was sentenced to life in prison without parole.

¶5. This appeal arises from the trial court's denial of Willie's subsequent petition for post-conviction relief. Willie, *pro se*, raises the following issues for consideration by this Court:

**A. WHETHER THE DEFENDANT WAS PREJUDICED BY THE PROSECUTION VIOLATING HIS FIFTH AMENDMENT RIGHT BY REINDICTING HIM?**

**B. WHETHER THE DEFENDANT WAS PREJUDICED BY DEFENSE COUNSEL'S DEFICIENT PERFORMANCE?**

¶6. This Court finds that Issue A is dispositive, and, therefore, Issue B need not be addressed. That is, the prosecution of Willie's second capital murder indictment violated Willie's right to protection from double jeopardy. Accordingly, this case is reversed and remanded for proceedings consistent with this opinion.

## III. LEGAL ANALYSIS

¶7. Willie claims that the second indictment constituted a double jeopardy violation.

> The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." The Mississippi counterpart is found in Article 3, Section 22 of the Mississippi Constitution of 1890: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."

*Gray v. State*, 605 So. 2d 791, 792 n.1 (Miss. 1992).

¶8. In interpreting the federal constitution, the United States Supreme Court has noted that the double jeopardy clause provides protection against prosecution for the same offense after acquittal or conviction. The protection against double jeopardy also prevents multiple punishments for the same offense. *Jones v. Thomas*, 491 U.S. 376, 381 (1989) (citing *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)). This case involves a prosecution for the same offense after a conviction, and, as such, it is barred by the federal constitution. *See id.*

¶9. "Where the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." *Menna v. New York*, 423 U.S. 61, 62 (1975); *Blackledge v.*

*Perry*, 417 U.S. 21, 30 (1974).

¶10. The State argues that, by entering the plea, Willie waived his double jeopardy rights. However, "a plea of guilty to a charge does not waive a claim that -- judged on its face -- the charge is one which the State may not constitutionally prosecute." *Menna*, 423 U.S. at 63 n.2. That is,

> the concessions implicit in the defendant's guilty plea were simply irrelevant, because the constitutional infirmity in the proceedings lay in the State's power to bring any indictment at all. . . . the indictment was facially duplicative of the earlier offense of which the defendant had been convicted . . . the admissions made by [the] guilty plea could not conceivably be construed to extend beyond a redundant confession to the earlier offense.

*United States v. Broce*, 488 U.S. 563, 575-76 (1989).

¶11. Thus, the prosecution of Willie's second capital murder indictment violated the federal protection against double jeopardy. In addition, Willie had already been convicted on the merits of the capital murder charge. Therefore, the prosecution of the second indictment was also clearly barred by the plain language of the Mississippi Constitution. *See Matlock v. State*, No. 97-CA-01596-SCT, 1999 WL 33900, at *2-3 (Miss. Jan. 28, 1999) (quoting *Menna* and *Broce*, and noting that the State may not accomplish through a guilty plea that which it could not have accomplished through trial). *See also Ballenger v. State*, 667 So. 2d 1242, 1265 (Miss. 1995) (a "defendant is entitled to the same constitutional guarantees at the sentencing phase as at the guilt phase).

¶12. For these reasons, Willie's case must, once again, be reversed and remanded for resentencing on the conviction of the capital murder charge contained in the original indictment. On remand, Willie cannot be sentenced as an habitual offender, due to the lack of such charge in the original 1989 indictment. This Court has held that, "[u]nder our practice, if enhanced punishment is sought, the indictment or affidavit must include both the principal charge and a charge of previous convictions and both charges proved before punishment may be enhanced." *Bell v. State*, 355 So. 2d 1106, 1108 (Miss. 1978); *Lay v. State*, 310 So. 2d 908, 910 (Miss. 1975). The indictment upon which Willie was originally convicted did not charge him as an habitual offender. Therefore, Willie cannot be sentenced under the enhanced, habitual offender status.

¶13. This raises the issue of Willie's available sentencing options upon remand. These options vary slightly, depending on whether the matter is tried before a jury, or a plea agreement is reached.

¶14. Prior to the 1994 amendment to the capital murder sentencing statute, defendants such as Willie could not agree to a sentence of life in prison without parole. *See Lanier v. State*, 635 So. 2d 813, 819 (Miss. 1994) (holding that such an agreement was void against public policy, given that the sentencing statute did not provide for the sentence of life in prison without parole). However, cases decided after the enactment of the statute noted that, such a defendant could, upon a valid waiver of his ex post facto rights, enter a plea agreement to a sentence of life in prison without parole under the new sentencing statute. *See Stevenson v. State* 674 So. 2d 501, 506 (Miss. 1996).

¶15. In fact, "[s]everal other capital defendants whose crimes were committed before the effective date of the amendment have received the amendment's benefit after waiving any ex post facto claims." *West v. State*, 725 So. 2d 872, 881 (Miss. 1998). Such waivers appear to have become "a procedure that has

been regularly applied". *See id.* at 880-81 (noting that, even Lanier, the appellant in the seminal case on this issue, was eventually allowed to waive his ex post facto rights and plead guilty to life in prison without parole).

¶16. Implicit in these decisions is the notion that ex post facto ramifications exist, when such defendants agree to plead to life in prison without parole under the new sentencing statute. That is, upon the entry of a valid plea under the statutes in effect at the time of Willie's crime, Willie could only have been sentenced by the trial judge to life in prison. Sentencing Willie to life in prison without parole under the new statute, would, therefore, be harsher than the only option for sentencing in such plea situations. Thus, if Willie chooses to plead guilty on remand, the trial judge may sentence him to life in prison. However, if Willie agrees to a sentence of life in prison without parole, the trial judge should take care to ascertain that Willie has validly waived his ex post facto rights -- before accepting the plea agreement.

¶17. Moreover, in recent cases, this Court has noted that similar ex post facto ramifications do not exist when such cases are remanded for consideration by a sentencing jury. That is, upon remand, sentencing juries are to be instructed on the options of life in prison, life in prison without parole, and death. *See West, 725 So. 2d at 880.* Admittedly, this is a departure from the sentencing options pronounced in similar, earlier cases, which only allowed the jury to consider life in prison and death on remand. *See Stevenson, 674 So. 2d at 506.*

¶18. However, allowing the sentencing jury to consider these three options takes into account the fact that "Miss. Code Ann. § 97-3-21 clearly and lawfully directed capital defendants whose pre-trial, trial or sentencing proceedings take place after July 1, 1994 to have their sentencing juries given the option of life without parole in addition to life with the possibility of parole and death . . . ." *West, 725 So. 2d at 882.* Furthermore, in such cases, the option of life in prison without parole is ameliorative, when compared to the sentence of death that the jury could have imposed. *See id* at 880; *Barnett v. State, 725 So. 2d 797, 801 (Miss. 1998); Tavares v. State, 725 So. 2d 803, 809 (Miss. 1998).* Thus, if this case is presented to a sentencing jury, then that jury should be instructed on all three options available under the amended statute: life in prison, life in prison without parole, and death.

### III. CONCLUSION

¶19. In *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995), this Court said:

> While the desire of all parties to reach acceptable solutions in such difficult cases may be commendable, the fact remains that such desires can only be successfully accomplished with the strict confines of the law. This Court is mindful of the gamut of emotion and great expense involved in a potential retrial but must act as the law dictates.

*Fuselier v. State*, 654 So. 2d 519, 523 (Miss. 1995). A criminal defendant cannot be reindicted for a crime for which he has already been convicted.

¶20. Because the second indictment in this case violated Willie's double jeopardy rights, this case must be reversed for resentencing on the capital murder conviction that arose from the original indictment. On remand, a jury may sentence Willie to life in prison, life in prison without parole, or death. In the alternative, Willie may plead guilty and be sentenced to life in prison, or, upon a valid waiver of his ex post facto rights, life in prison without parole.

**¶21. REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS IN RESULT ONLY. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. COBB, J., NOT PARTICIPATING.**