# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 94-CA-00157-SCT

*I.C. KINCAID*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/93 |
| TRIAL JUDGE: | HON. JOHN B. TONEY |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  WAYNE SNUGGS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 4/30/98 |
| MOTION FOR REHEARING FILED: | 6/20/97 |
| MANDATE ISSUED: | 5/27/98 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶**1.** Motion for rehearing denied. The original opinion is withdrawn and this opinion is substituted therefor.

¶2. I.C. Kincaid was indicted for capital murder and on November 3, 1986, pled guilty to murder and armed robbery in the Circuit Court of Madison County. Kincaid and the State of Mississippi entered into a contract wherein the State agreed not to prosecute Kincaid for capital murder or seek the death penalty in return for which Kincaid agreed not to seek or accept parole or any release from prison for the remainder of his natural life. Kincaid, therefore, received a life sentence for the crime of murder followed by a consecutive forty year sentence for armed robbery.

¶3. Kincaid now appeals to this Court from the denial of his Motion to Vacate Conviction and Sentence by the Circuit Court of Madison County. Kincaid argues that the contract entered into between himself and the State was void as against public policy and thus his guilty plea is involuntary. Kincaid's claims, however, are barred by the three-year statute of limitations contained within Miss. Code Ann. § 99-39-5(2). Kincaid has failed to demonstrate that his claims fall within one of the

recognized exceptions to the statute of limitations. We, therefore, affirm the trial court.

## STATEMENT OF FACTS

¶4. I.C. Kincaid was indicted for the crime of capital murder while in the commission of armed robbery. Following negotiations with the State, Kincaid agreed to plead guilty to the crimes of murder and armed robbery in order to avoid the possibility of the death penalty. As part of the plea bargain, Kincaid entered into a contract wherein he agreed to plead guilty to the crimes of murder (less than capital) and armed robbery for which he would receive consecutive sentences of life imprisonment and forty years. Kincaid agreed not to apply or accept parole, pardon, or suspension of his sentences, but rather agreed to be incarcerated for the remainder of his natural life.

¶5. On November 3, 1986, Kincaid entered his guilty pleas before the Honorable R.L. Goza in the Circuit Court of Madison County. Parties in attendance at the hearing included Honorable Orbie Craft, District Attorney, and attorneys for Kincaid, Jack Young, Jr. and Dennis Sweet, III. Also present at the hearing were Dr. Timothy Summers, psychiatrist, and Dr. Charlton Stanley, psychologist, both of whom evaluated Kincaid prior to the hearing. Drs. Summers and Stanley testified about Kincaid's mental state and competence at the time of the crime and at the guilty plea hearing. Each doctor testified that Kincaid knew right from wrong under the M'Naughton Rule; understood the nature of his guilty plea; and was competent to enter the guilty plea. After finding that the guilty pleas were voluntarily and intelligently entered and that a factual basis for the pleas did exist, the trial court accepted Kincaid's guilty plea.

¶6. On August 27, 1992, Kincaid filed a Motion to Vacate Conviction and Sentence alleging *inter alia*, that his guilty pleas were involuntary and that he received ineffective assistance of counsel. Kincaid filed a Supplemental Motion to Vacate Conviction and Sentence and later filed an Amendment to Supplemental Motion to Vacate Conviction and Sentence. Kincaid presented his petition to the trial court on April 2, 1993, and on November 23, 1993, Judge John B. Toney overruled Kincaid's motion and dismissed the application for post-conviction collateral relief as untimely. Kincaid thereafter appealed to this Court.

## DISCUSSION OF LAW

### I.

¶**7.** We find that Kincaid's motion is time barred in accordance with Miss. Code Ann. § 99-39-5(2) (1994). Alternatively, the bar notwithstanding, considering each issue on the merits, we find none. Accordingly, we affirm.

¶8. Kincaid argues that his motion for post-conviction relief is not barred by the statute of limitations contained within Miss. Code Ann. § 99-39-5(2)(1994) or any other procedural bar because his case involves plain error and the denial of fundamental constitutional rights.

¶9. Miss. Code Ann. § 99-39-5(2)(1994) requires that a motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act must be made within three (3) years after entry of judgment of conviction in the case of a guilty plea. The judgment of conviction was entered on November 3, 1986, and thus, the deadline for filing a motion for post-conviction relief was

November 3, 1989. The instant action was filed by Kincaid on August 27, 1992 and is therefore time-barred.

¶10. In *Jones v. State*, 700 So. 2d 631, 632 (Miss. 1997), this Court reiterated its approval of the three statutory exceptions to the time bar for PCR motions originally set forth in *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996), and *Logan v. State*, 661 So. 2d 1137, 1138 (Miss. 1995), as follows: "(1) intervening decisions which would have adversely affected the outcome of the petitioner's conviction or sentence, (2) newly discovered evidence, and (3) expired sentence or unlawful revocation of the petitioner's probation, parole, or conditional release." *Jones*, 700 So. 2d at 632 (citing *Bevill*, 669 So. 2d at 17; *Logan*, 661 So. 2d at 1138). Kincaid, however, fails to demonstrate that his case falls within any of these exceptions, and therefore, his claims are barred.

## II.

¶11. Kincaid argues that the contract entered into was void as against public policy and thus rendered his guilty plea involuntary. He also claims that he received ineffective assistance of counsel, that the trial court lacked subject matter jurisdiction, and that his claims are not barred by the statute of limitations; the successive motion bar; or any other procedural bar.

¶12. The State argues that Kincaid's requested relief is time-barred by the three year statute of limitations contained within Miss. Code Ann. § 99-39-5(2). The State also argues that the cases Kincaid relies upon are distinguishable because Kincaid was not sentenced to life without parole but rather received only a sentence of life plus a separate sentence of forty years. The State maintains that the court's additional language to the effect that the Contract is "ratified, confirmed and approved" and the court's action in attaching papers relating thereto to the sentencing order was "at best advice to the [parole] board and . . . at worst surplusage in regards to the sentence."

¶13. Kincaid argues that, regarding the procedural bar, this Court's intervening decisions of *Stevenson v. State*, 674 So. 2d 501 (Miss. 1996), *Lanier v. State*, 635 So. 2d 813 (Miss. 1994), and *Patterson v. State*, 660 So. 2d 966 (Miss. 1995), are controlling to thus prevent application of the bar. All of these death penalty cases did indeed involve a "contract" between the defendants and the State whereby the defendant in each case agreed not to seek parole, based upon specific performance by the State of the promise not to seek the death penalty. In each of these cases, a sentence was imposed which there was no statutory authority for the trial judge to impose. In refusing to apply the bar, in *Stevenson*, this Court stated that "Stevenson can not be barred from challenging a sentence that we find as being unenforceable from the very beginning in 1978." *Stevenson*, 674 So. 2d at 505.

¶14. Here, in stark contrast to *Lanier*, *Patterson*, and *Stevenson*, Kincaid did not plead guilty to capital murder but rather pled guilty to simple murder. He was not sentenced to life without parole, but rather he was sentenced to life imprisonment for the conviction for murder plus an additional forty years for the conviction for armed robbery. The respective statutes allowed for such sentencing. Thus, there was no illegal sentence imposed.

¶15. The trial court's further additional language referring to the contract did not constitute an integral part of the sentencing order, and accordingly, we find such reference to the contract to be mere "surplusage in regards to the sentence." *Temple v. State*, 671 So 2d 58, 59 (Miss. 1996). At best, such language could only be considered as advice to the parole board, whose job it would be to

determine if and when Kincaid should be paroled.

### III.

¶16. Kincaid argues that his guilty plea was not intelligently nor voluntarily entered because his attorneys were ineffective in assisting him in making his decision regarding the guilty plea. When reviewing claims of ineffective assistance of counsel, this Court utilizes the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This Court, in *Schmitt v. State,* 560 So. 2d 148, 154 (Miss. 1990), has held that "[b]efore counsel can be deemed to have been ineffective, it must be shown (1) that counsel's performance was deficient and (2) that the defendant was prejudiced by counsel's mistakes." One who claims that counsel was ineffective must overcome the presumption that "counsel's performance falls within the range of reasonable professional assistance." *Id.* In order to overcome this presumption, the defendant must show that "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (quoting *Strickland*, 466 U.S. at 694.)

*¶17.* Kincaid faults his counsel for failure to advise him that his plea contract violated public policy, was void, and that the court lacked jurisdiction of his case. Kincaid's plea was entered on November 3, 1986. Neither *Lanier*, *Patterson*, nor *Stevenson* had been decided at that time. The issue in fact was first impression in *Lanier*. Thus, at the time, Kincaid's attorney's had no notice that such contracts were erroneous and in violation of public policy. It is true that this Court has repeatedly reversed cases where defendants received inaccurate or erroneous information regarding their decision to plead guilty. *See Alexander v. State*, 605 So. 2d 1170 (Miss. 1992); *Washington v. State*, 620 So. 2d 966 (Miss. 1993). However, here, clearly it would require attorneys to meet an impossible standard to foresee the future when advising clients. This result does not constitute deficient performance by trial counsel. There is no indication whatsoever that Kincaid was prejudiced by counsel's alleged mistakes. Kincaid fails to demonstrate that his counsel was ineffective. This record fails to reveal anything which would overcome the presumption that counsel's performance "falls within the range of reasonable professional assistance." *Schmitt*, 560 So. 2d at 154. There is no merit to this issue.

¶18. Kincaid also claims double jeopardy and his counsel's failure to advise him that the Fifth Amendment would preclude indictment and conviction for the offense of capital murder as well as the underlying felony of armed robbery. Kincaid would be correct if that in fact had occurred here. Here, we are faced with an entirely different situation. Kincaid was allowed to plead guilty to murder (less than capital) and armed robbery in exchange for the State not seeking the death penalty. In *Fuselier v. State*, 654 So. 2d 519 (Miss. 1995), this Court addressed the situation where Fuselier pled guilty to capital murder and the underlying felony of burglary, holding that double jeopardy applied. *Id.* at 522; *see also* *Meeks v. State*, 604 So. 2d 748 (Miss. 1992). *Fuselier* is clearly distinguishable from the case at bar. Kincaid pled guilty to murder, not capital murder. Murder does not require an underlying felony. Secondly, Kincaid was separately indicted for the crime of armed robbery, and his guilty plea to that offense was accepted. Thus, Kincaid was appropriately sentenced for each crime: life imprisonment for murder and forty years for armed robbery. A double jeopardy defense did not exist, and thus, counsel could not have been deficient in failing to so advise Kincaid. There is no merit to this issue.

¶19. Next, Kincaid claimed ineffective assistance of counsel for counsel's failure to advise him that the trial court lacked jurisdiction over the charges against him because the indictment upon which he was convicted was not returned by a grand jury but rather was manufactured. Kincaid claims that the indictment was not marked filed, dated, and signed by the clerk of the court and that there were no minutes of the grand jury. In *Conerly v. State*, 607 So. 2d 1153 (Miss. 1992), this Court, addressing the effect of a guilty plea on alleged defects in an indictment, stated, "[a] valid guilty plea . . . admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment [or information] against a defendant." *Id.* at 1156 (quoting *Brooks v. State*, 573 So. 2d 1350, 1352 (Miss. 1990)).

¶20. In *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989), this Court held that "[o]utside the constitutional realm, the law is settled that with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." A plea of guilty does not waive (1) the failure of an indictment to charge a criminal offense or, more specifically, to charge an essential element of a criminal offense, and a plea of guilty does not waive (2) subject matter jurisdiction. *Id.*

¶21. Here, Kincaid maintains a jurisdictional challenge which is not waived by pleading guilty. However, a review of this record indicates that although the copy of the indictment returned upon Kincaid on April 9, 1986 was not stamped filed, the other copy is clearly stamped filed by the clerk. The only infirmity noted concerning the grand jury's handling of the indictment appears to be the date of the capital murder which reflects the date as being March 12, 1986, whereas the correct date was February 12, 1986. This error was waived by defense counsel during the guilty plea hearing on November 3, 1986, and an order amending the indictment was properly entered by the court on November 7, 1986. There is simply no evidence here that would indicate that the indictment was manufactured by the State or that Kincaid was not indicted by the grand jury. This issue is without merit.

## CONCLUSION

¶22. Kincaid's motion for post-conviction relief is time-barred under the three-year statute of limitations contained within Miss. Code Ann. § 99-39-5(2). Kincaid's motion could have been excepted from the time limitations due to intervening decisions of this Court which clearly hold that plea contracts which circumvent statutory penalties are void as against public policy, except that here, there was no attempt to circumvent the statutory penalties as Kincaid was sentenced to life imprisonment for murder and forty years for armed robbery. The contract here was mere surplusage. Kincaid also fails to demonstrate that he received ineffective assistance of counsel or that the trial court lacked subject matter jurisdiction. Accordingly, we affirm Kincaid's convictions and sentence imposed.

¶23. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, MILLS AND WALLER, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY.**