THOMAS, J., for the Court:
¶ 1. This appeal is a challenge to the guilty plea that Jones entered into on November 13, 1980. The circuit court dismissed Jones’s post-conviction writ as time barred and on the basis that it was an impermissible successive writ. On appeal Jones raises the following issue:
I. DID THE LOWER COURT ERR IN DISMISSING THE CHALLENGE OF THE GUILTY PLEA UNDER BOTH THE TIME BAR AND THE SUCCESSIVE WRIT BAR?
Finding no error, we affirm.
FACTS
¶ 2. Jones was indicted for capital murder on June 18, 1980. On November 12, 1980, the circuit judge signed an order allowing the indictment to include an allegation of habitual offender status on the basis of two prior felony convictions of burglary and burglary and larceny. The defense made no objection to this amendment at that time and, in fact, acquiesced to the same as part of a plea bargain. The following day Jones entered a guilty plea to capital murder as an habitual offender. Jones made this plea upon the State’s offer to recommend life imprisonment without the possibility of parole rather than pursuing the death penalty. At this time the defendant, his attorneys and his family members, who were present in the court, were intensively and thoroughly questioned about the plea and informed of the consequences surrounding the plea. Jones was then sentenced for capital murder, as an habitual offender, to life imprisonment in the State Penitentiary of Mississippi without parole.
¶ 3. Some twenty years later, Jones now claims that his plea to the charge capital murder as an habitual offender was involuntary and that his attorneys did not inform Jones that he was entitled to a hearing on the habitual offender charge. Jones argues that his fundamental constitutional right of due process is denied in the event that this challenge is denied by the statute of limitations bar and the successive writ bar. Miss.Code Ann. §§ 99-39-5(2), 99-39-21, 99-39-23(6) (Rev.1994). Jones also asserts that the habitual offender portion of his guilty plea to capital murder should be vacated because the preclusion of the possibility of parole in his sentence were unauthorized by the applicable statutes, Miss.Code Ann. §§ 99-19-81, 99-19-83, at the time of his guilty plea.
*863 ¶4. The State submits that the lower court’s holding was correct in that Jones’s challenge is barred by the statute of limitations as well as the successive writ bar.
ANALYSIS
¶ 5. Jones was sentenced more than eighteen years before filing the present petition, and he states no ground that is listed as an exception from the three year time bar for filing petitions for post-conviction relief under Miss.Code Ann. § 99-39-5 (Supp.1999). Further, this challenge is barred because Jones has filed three previous petitions for post-conviction relief, making the present one successive under Miss.Code Ann. § 99-39-23 (Supp.1999). Therefore, we affirm.
¶ 6. Even if Jones’s challenges were not time barred, his assertions are without merit. There is nothing in the record that supports the assertion that Jones’s plea of capital murder as an habitual offender was involuntarily made or that his attorneys did not inform him that he was entitled to a hearing on the habitual offender charge. To the contrary, the record of the plea hearing clearly indicates that Jones was fully aware of the plea he entered as well as the effect of offering a plea as an habitual offender. The record also shows that the court thoroughly and appropriately explained his rights, as well as the consequences of Jones’s entering a plea.
¶ 7. Jones compares his situation to that of the appellant in Stevenson v. State, 674 So.2d 501 (Miss.1996). In Stevenson, the appellant pled guilty to a capital murder indictment wherein he was not charged as an habitual offender under Miss.Code Ann. §§ 99-19-81, 99-19-83. In return for his plea and a waiver of his rights to seek parole, the State recommended and the court imposed a sentence of life without parole. Our supreme court held that such a waiver of the right to seek parole was unenforceable and invalid, stating that “the indictment did not charge defendant as a habitual offender, which would have carried the sentence of life without parole; therefore, the sentence cannot fall under that section.” Stevenson, 674 So.2d at 504 (citing Bell v. State, 355 So.2d 1106 (Miss.1978); Lay v. State, 310 So.2d 908 (Miss.1975)).
¶ 8. Jones pled guilty to an indictment charging him as an habitual offender; therefore, the law of Stevenson is not applicable. While Jones was indicted, pled and sentenced as an habitual offender, Stevenson was not. This point is further clarified in Lanier v. State, 635 So.2d 813 (Miss.1994), wherein our supreme court stated that “life imprisonment without the possibility of parole is not an option unless the convict is adjudged an habitual offender.” Lanier, 635 So.2d at 815. See also Patterson v. State, 660 So.2d 966 (Miss.1995).
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF STONE COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO STONE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, MYERS, AND PAYNE, JJ., CONCUR.