MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Anthony Swift appeals the Clay County Circuit Court’s dismissal of his motion for post-conviction relief. Swift was initially indicted on three counts of sale of cocaine. Thereafter, the State moved to amend the indictment against Swift, reducing the charges to possession of cocaine. Swift pleaded guilty to the possession of cocaine, and he was sentenced thereafter.
 

 ¶2. In his brief to this Court, Swift alleges a myriad of trial court errors, including allegations against the court reporter and the trial judge. Upon our review, we find that most of these issues are unfounded and meritless; therefore, we ■will only review Swift’s main assertion of error: whether his plea was involuntary.
 

 ¶ 3. Swift argues that his plea was entered involuntarily and unknowingly because he was unaware that the trial court allowed an amendment of the indictment to change the charge to a lesser offense. Rule 8.04(A)(3) of the Uniform Rules of Circuit and County Court provides that:
 

 Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the recoi'd.
 

 ¶ 4. The record in this case demonstrates that Swift was well aware of the charge to which he pleaded guilty. Swift’s
 
 *1109
 
 attorney represented to the court that Swift was aware of the charge to which he was pleading guilty, and the trial judge confirmed this fact while questioning Swift during the plea colloquy. Swift’s responses to the court’s examination demonstrated his understanding of the charges against him, and the responses demonstrated that he intended to plead guilty. Our review of the plea colloquy finds that Swift’s plea was clearly voluntary, and this issue is without merit.
 

 ¶ 5. Finding that Swift entered his guilty plea voluntarily, we find that his claims regarding the sufficiency of the indictment also fail to have merit. Our law is well settled in that “[a] valid guilty plea ... admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment [or information] against a defendant.”
 
 Kincaid v. State,
 
 711 So.2d 873, 877(¶ 19) (Miss.1998) (quoting
 
 Conerly v. State,
 
 607 So.2d 1153, 1156 (Miss.1992)).
 

 ¶ 6. We find Swift’s argument devoid of any merit, as the transcript of the plea colloquy demonstrates that Swift freely and voluntarily entered his guilty plea with full knowledge that the indictment had been amended. Accordingly, we affirm the trial court’s dismissal of Swift’s motion for post-conviction relief.
 

 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.