# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2004-CA-01763-SCT
## CONSOLIDATED WITH
## NO. 2002-CA-01270-SCT

*MISSISSIPPI DEPARTMENT OF PUBLIC SAFETY*

*v.*

*SAMMIE L. DURN*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/19/2004 |
| TRIAL JUDGE: | HON. W. ASHLEY HINES |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | BENJAMIN E. GRIFFITH |
| | CHRISTOPHER F. POWELL |
| ATTORNEYS FOR APPELLEE: | STEVEN TODD JEFFREYS |
| | J. KIRKHAM POVALL |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/26/2005 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., EASLEY AND GRAVES, JJ.**

**EASLEY, JUSTICE, FOR THE COURT**:

### PROCEDURAL HISTORY

¶1.     The Mississippi Department of Public Safety appeals to this Court from the Circuit Court of Sunflower County. This case was previously remanded to the trial court by this Court. In the Court's opinion, authored by then Justice Waller, the case was remanded solely for the determination "**if comparative fault should be assigned to Durn**, and whether the award of

damages should be reduced accordingly." ***Miss. Dep't of Pub. Safety v. Durn*** 861 So.2d 990, 999 (Miss. 2003) **(Durn I)**, (emphasis added).

¶2. The trial court had determined that Sammie L. Durn incurred damages in the form of pain and suffering, emotional distress and permanent disability in the amount of $148,000. Durn had incurred losses in the amount of $12,453 for medical expenses, lost wages and loss of his truck.[1] The Department of Public Safety argued in ***Durn I*** that the damage award was excessive. We found the damage award was not excessive. We affirmed the trial court's decision in ***Durn I*** as to the amount of damages, stating "[w]e find the circuit court did not abuse its discretion as to the amount of damages." ***Id***.

¶3. In ***Durn I***, the Court also affirmed the trial court's findings that State Trooper Reginald Lantern acted in reckless disregard of Durn's safety and well-being and that Durn was not engaged in criminal activity at the time of the accident. ***Id.*** at 996, 998. The Court held:

> We conclude that the circuit court did not err in finding Lantern acted in reckless disregard of the safety and well-being of others. The circuit court was in the best position to weigh the credibility of the witnesses. There were inconsistencies in Lantern's testimony concerning his speed that cast doubt on his entire testimony. The circuit court found evidence that satisfied numerous ***Brister*** factors and determined that Lantern appreciated the unreasonable risk associated with attempting to overtake a vehicle that indicated it was turning, yet still acted in deliberate disregard of that risk.

***Durn I***, 861 So.2d at 996.

¶4. However, this Court remanded the case to the trial court because the trial court had not made a determination of comparative fault in deciding the issue of liability. The trial court issued a detailed amended findings of fact and conclusions of law on remand. In the amended

---

[1] The total judgment in favor of Durn was $160,453 (148,000 + 12,453).

2

findings, the trial court found that Durn was not at fault for causing the accident and the damages should not be altered based on comparative fault. The trial court enumerated specific facts in its decision to support finding that Durn was not at fault for the accident considering the question of comparative fault on remand. Unhappy with the trial court's decision on remand, the Department of Public Safety now appeals to this Court.

## FACTS[2]

¶5.    At 6:30 a.m. on October 11, 1999, Durn was driving south on a two-lane area of U.S. Highway 49 north of Indianola. He was headed to the school bus garage to warm up his bus before picking up the children along his bus route. As Durn was driving south on Highway 49, State Trooper Lantern was headed north in his patrol car. Soon after the two passed each other, Lantern noticed a vehicle traveling southbound at a speed in excess of the posted speed limit of fifty-five miles per hour. He made a u-turn and pursued the speeding vehicle.

¶6.    While in pursuit of the speeding vehicle, Lantern eventually came upon Durn. He attempted to pass Durn using the northbound lane, but as he started to overtake Durn, Durn turned left across the northbound lane to enter the lot leading to the bus garage. Lantern collided with the driver-side rear quarter of Durn's truck, pushing the truck 178 feet and throwing Durn from his vehicle. The skid marks left by Lantern's vehicle were completely in the northbound lane. Durn was cited for having an improper tag on his vehicle.

¶7.    At trial, Durn and Lantern had different accounts of what transpired before the accident. Durn testified that he had his turn signal on before attempting to turn left. He checked his

---

[2] The facts are taken from the Court's opinion in **Durn I**, 861 So.2d at 993, in order to provide history and understanding of the decision now reviewed by this Court.

rearview mirror and did not notice a vehicle approaching from either direction. He never heard a siren and also stated that he never noticed the speeding vehicle Lantern was pursuing. Durn's expert witness testified that Lantern was traveling eighty-one miles an hour before the accident.

¶8.     Lantern testified that he activated his wig-wag lights as soon as he made the u-turn. He claimed he kept his vehicle at fifty-five miles an hour during the pursuit and that he had already overtaken the northbound lane, attempting to pass Durn when Durn crossed over into the northbound lane. He also stated that Durn began driving in the northbound lane fifty feet before attempting to turn into the garage lot. He did not recall if Durn used his turn signal.

## DISCUSSION

¶9.     Where there exists substantial evidence to support the findings made by the trier of fact, those findings must be affirmed. *Culbreath v. Johnson*, 427 So.2d 705, 708 (Miss. 1983). On appeal, we extend great deference to the trial judge's findings. *McElhaney v. City of Horn Lake*, 501 So.2d 401, 403 (Miss. 1987). Appellate courts should affirm the trial judge's findings as to questions of fact based on substantial evidence when the trial judge sits without a jury unless the trial judge is manifestly wrong. *See Tricon Metals & Servs. Inc. v. Topp*, 516 So.2d 236, 238 (Miss. 1987); *See also Felder v. State,* 876 So.2d 372, 373 (Miss. 2004) ((when reviewing a trial court's decision, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous) (citing *Brown v. State*, 731 So.2d 595, 598 (Miss.1999)). We have defined "manifest" as being "unmistakable, clear, plain or undisputable." *Magee v. Magee*, 661 So.2d 1117, 1122 (Miss. 1995) (quoting Black's Law Dictionary 963 (6th ed. 1990)).

¶10.    On remand, the trial court found as follows:

16.    The Court finds that Trooper Lantern was operating his vehicle at an excessive speed, in reckless disregard for the safety of others. The speed was excessive due to the limited visibility and the congested area. Furthermore, Trooper Lantern knew Mr. Durn was in the roadway long before he made his turn, because he had just met Mr. Durn as moving traffic before he turned to give chase to the speeding violator.

17.    Trooper Lantern was acting within the course and scope of his employment at the time of the collision.

18.    The Court finds that Mr. Durn did not make an illegal turn and that he was not engaged in illegal activity.

19.    The Court finds that Mr. Durn was unaware of the presence of Trooper Lantern due to the extreme high rate of speed Trooper Lantern was traveling.

20.    Trooper Lantern testified that he was traveling at the rate of speed of fifty-five (55) miles per hour. In its earlier ruling the Court, in the spirit of respect for the law enforcement profession, did not comment on Trooper Lantern's credibility. However, since credibility of the witnesses has apparently become an issue on appeal, both to the parties and the Supreme Court, the Court will now comment on the credibility of Trooper Lantern. The Court finds that the testimony of Trooper Lantern that he was traveling at a rate of fifty-five (55) miles per hour was an outrageous lie. Because of this lie, the Court accepts no testimony of Trooper Lantern as true.

21.    The Court heard testimony from expert Brett Alexander in which he estimated Trooper Lantern's speed was at eighty (80) miles per hour prior to the accident.

22.    The Court finds that because of excessive speed Trooper Lantern's vehicle was closing on Mr. Durn's vehicle so quickly that Mr. Durn[,] exercising reasonable caution[,] could not have seen Trooper Lantern. Furthermore, even if Mr. Durn would have seen Trooper Lantern, he would have been unable to avoid the accident. So if he were [sic] negligent, which the Court finds that he was not, such negligence would not have been a contributing factor to the accident.

23.    Having found no fault on the part of Sammie Durn in contributing to the accident, the Court finds that the award of damages should not be altered based on comparative fault.

¶11.    On appeal, the Department of Public Safety contends that the trial court "erred by not determining as instructed the extent to which Mr. Durn was comparatively negligent." Durn

5

counters that the trial court did consider the evidence and determine whether Durn was at fault for the accident.

¶12.  This Court remanded the case for the trial court to consider if comparative fault should be assigned to Durn. The trial court did just that and addressed the issue of comparative fault on remand.  We find that the trial court complied with the directives of this Court.  Therefore, this issue is without merit.

## CONCLUSION

¶13.  For the foregoing reasons, we affirm the judgment of the Circuit Court of Sunflower County, Mississippi.

¶14.  **AFFIRMED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND RANDOLPH, JJ., CONCUR.  DIAZ AND DICKINSON, JJ., NOT PARTICIPATING.**