947 So.2d 979 (2006)
Ronald Keith HINTON a/k/a Stump Jumper, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01133-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied October 17, 2006.
*980 Ronald Keith Hinton, Appellant, pro se.
Office of the Attorney General by Jose B. Simo, attorney for appellee.
Before LEE, P.J., GRIFFIS and ROBERTS, JJ.
GRIFFIS, J., for the Court.
¶ 1. Ronald Keith Hinton, a/k/a Stump Jumper, pled guilty in the Circuit Court of Pearl River County to armed robbery. He was sentenced to serve twenty-five years without the possibility of parole in the custody of the Mississippi Department of Corrections. He filed his petition for post-conviction relief, which was denied by the circuit court. On appeal, Hinton argues (1) his sentence is illegal, and (2) he was entitled to an evidentiary hearing on his ineffective assistance of counsel claim. We affirm denial of post-conviction relief. Nevertheless, we remand the case so the judgment below will correctly identify the crime to which Hinton pled guilty.

FACTS
¶ 2. Hinton was indicted for armed robbery and aggravated assault. He was accused of using a knife to rob the K & T Spur convenience store, and of punching and shoving the female store clerk in the process. On April 4, 2002, Hinton pled guilty to armed robbery; in exchange, the State agreed to drop the aggravated assault charge and not to charge Hinton as an habitual offender.
¶ 3. At the plea hearing, the judge asked if Hinton was pleading guilty to robbing the store with a firearm. The State corrected the judge and stated that Hinton used a knife. The order of conviction set *981 out that Hinton pled guilty to armed robbery by use of a firearm.

STANDARD OF REVIEW
¶ 4. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS
I. Did Hinton receive an illegal sentence?
¶ 5. Hinton challenges his sentence to the extent that he was denied the possibility of parole. He contends this is illegal, because only the parole board can grant or deny parole. The State responds that this part of the sentence was required by Mississippi Code Annotated Section 47-7-3(1)(d)(ii) (Supp.2005).
¶ 6. Hinton is correct that Section 47-7-3 gives the parole board exclusive responsibility to grant or deny parole, and parole is not part of the court's sentencing power. Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990). Any such language included in a sentencing order is mere surplusage and will not render the sentence illegal. Gardner v. State, 514 So.2d 292, 294 (Miss.1987); Norwood v. State, 846 So.2d 1048, 1050(¶ 3) (Miss.Ct. App.2003).
¶ 7. Here, however, Hinton pled guilty to armed robbery through the display of a deadly weapon. Under Mississippi Code Annotated Section 47-7-3(1)(d)(ii), he is not eligible for parole. Given this, we find no error in the sentence. It is not the trial judge's sentence which prohibits the parole board from considering Hinton for parole. It is the legislature, who acted within their constitutional power. Accordingly, we find no merit to this issue.
II. Was Hinton entitled to an evidentiary hearing on his ineffective assistance of counsel claim?
¶ 8. Hinton argues he was entitled to an evidentiary hearing on his ineffective counsel claim, because the record "fail[s] to reveal the allegations present." His ineffective counsel claim lies in the fact that his counsel failed to investigate and find out that the robbery was committed with a plastic knife and so it could not be considered a deadly weapon within the meaning of the armed robbery statute. He also claims his attorney did not require a factual basis for the plea to be established at the plea hearing. The State responds that Hinton voluntarily pled guilty.
¶ 9. If "it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Rev.2000). A defendant is not entitled to an evidentiary hearing where the affidavits presented directly conflict with the testimony in the plea hearing. Cole v. State, 608 So.2d 1313, 1321 (Miss.1992).
A. Failure to investigate
¶ 10. Hinton alleges that the knife was plastic and thus not a deadly weapon. He further alleges that his attorney failed to investigate this fact as the attorney was under the impression that the robbery was committed with a gun. To prove ineffective assistance of counsel, Hinton must demonstrate that his counsel's performance was deficient, and this deficiency *982 prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show prejudice, he must prove that he would not have pled guilty but for the alleged deficiency. Thomas v. State, 881 So.2d 912, 917-18(¶ 16) (Miss.Ct.App.2004).
¶ 11. First, we note that Hinton sets out a claim for deficiency, which the record fails to contradict. He alleges his attorney failed to investigate the weapon used. Hence, Hinton argues that had his attorney so investigated he would have found out that the weapon was a plastic knife. During the plea hearing, the lower court asked Hinton's counsel if Hinton understood that he was only pleading to Count I armed robbery by use of a firearm. Hinton's counsel responded yes. The prosecutor corrected them, "It wasn't a firearm, Your Honor. It was a knife." The court asked, "A knife, but a deadly weapon?" To which the prosecutor responded, "Yes, sir." The record tends to support Hinton's claim that his attorney did not investigate even the charges against him, let alone the weapon used.
¶ 12. However, his claim fails on the second prong of the Strickland analysis. Hinton's petition does not set out a claim for prejudice. To begin with, he does not state that but for this deficiency he would have not pled guilty and insisted on going to trial. Additionally, "in order to establish that failure to investigate a line of defense constituted ineffective assistance, a petitioner must show that knowledge of the uninvestigated evidence would have caused counsel to vary his course." Id. at 918(¶ 18) (quoting King v. State, 503 So.2d 271, 275 (Miss.1987)). Hinton does not allege his attorney would have done anything different in this case. Indeed, we note that while Hinton claims the knife was plastic, the State was ready with evidence to show that it was an actual, long-bladed knife, and thus, a deadly weapon.
¶ 13. Because Hinton's petition failed to state a claim under Strickland, it was apparent on the face of the motion that he was not entitled to relief. Therefore, he was not entitled to an evidentiary hearing on whether his attorney's failure to investigate rendered ineffective assistance of counsel. Accordingly, we find this issue has no merit.
B. Failure to require a factual basis for the plea
¶ 14. Hinton alleges there was not a factual basis to support the plea in the plea hearing transcript. This is a fault he assesses to his attorney, and he uses this basis to support a second ineffective assistance of counsel claim. The State counters that there is a factual basis to support the guilty plea.
¶ 15. Hinton does not challenge that the elements of the crime were proven. What he challenges is that the State could not prove he was the one who committed this crime. The State read the victim's statement into the record as part of what it would be able to prove if the case went to trial. As for the identity of the culprit, the proof showed, the suspect was a black male, and
[h]e was wearing a white shirt, long shorts and a baseball cap. He had some hair sticking out of the sides of his hat.
On the afternoon of the robbery I was called to the police station to examine a photo lineup. I had just returned from the hospital. I came to the police station and was shown the lineup. I picked out a photograph, but could not make a positive identification, because the hair in photo number four was too short, but the person in photo four was Rodney Hinton. She [the victim] had a question *983 about his hair. As far as the facial features it was definite.
¶ 16. The transcript indicates that the State would be able to prove that the victim positively identified Hinton as the culprit. Because there was a factual basis to support Hinton's guilty plea, his counsel cannot be said to be ineffective on this basis. As it appears plainly on the face of the motion and plea transcript that Hinton was not entitled to relief on this claim, we affirm the summary dismissal without an evidentiary hearing.
III. Correction of judgment
¶ 17. Although neither party raises the issue, the Court notes that Hinton pled guilty to armed robbery through the display of a knife, but the judgment below convicted him of armed robbery through the use of a firearm. Armed robbery occurs with the use of a firearm or other deadly weapon. Miss.Code Ann. § 97-3-79 (Rev.2000). A knife is a deadly weapon and still qualifies to sustain Hinton's plea of guilty of armed robbery. While we affirm the denial of Hinton's motion for post-conviction relief, we remand the case back so the trial court may correct the judgment and sentencing order to reflect the fact that Hinton pled guilty to armed robbery through the display of a deadly weapon other than a firearm.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF PEARL RIVER COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED IN PART. THE CASE IS REMANDED FOR A CORRECTION TO THE JUDGMENT CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PEARL RIVER COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.