933 So.2d 1012 (2006)
Donnell JUDGE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00975-COA.
Court of Appeals of Mississippi.
July 18, 2006.
*1013 Donnell Judge, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before MYERS, P.J., IRVING and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. On February 25, 2005, Donnell Judge filed a motion for post-conviction relief to clarify his sentence in the Circuit Court of Warren County. The circuit court denied the motion. Aggrieved by the circuit court's ruling, Judge appeals. Finding no error, we affirm the circuit court's ruling.

FACTS
¶ 2. Judge was caught selling cocaine while he was on post-release supervision for a conviction of a previous crime. In March 2001, he was sentenced to serve five years in the custody of the Mississippi Department of Corrections for the cocaine conviction. His post-release supervision was rescinded; therefore, he began to serve the remaining seven years for the previous crime. The sentences were to run consecutively.

DISCUSSION
¶ 3. Post-conviction collateral relief is "to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues, or errors which in practical reality could not have been or should not have been raised at trial or on direct appeal." Miss. Code Ann. Section 99-39-3(2) (Rev.2000). Post-conviction relief is not the same or a substitute for direct appeal. See Cole v. State, 666 So.2d 767, 772-73 (Miss.1995).

STANDARD OF REVIEW
¶ 4. This Court will not disturb the trial court's factual findings, when reviewing a decision to deny a petition for post-conviction relief, unless they are found to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, the applicable standard of review is de novo where questions of law are raised. Id. at 598(¶ 6).
¶ 5. "The Mississippi Uniform Post-Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in the state." Walker v. State, 555 So.2d 738, 741 (Miss.1990). Since Judge's motion collaterally attacks his sentence, it falls under the Uniform Post-Conviction Relief Act. According to Mississippi Code Annotated Section 99-39-5 (Rev.2000), there is a three-year statute of limitations for a prisoner to file a petition for post-conviction relief. Wright v. State, 821 So.2d 141(¶ 3) (Miss.Ct.App. 2000). Mississippi Code Annotated Section 99-39-5(2) (Supp.2005) sets forth certain exceptions which if the prisoner can *1014 demonstrate will override the three year limitation, those exceptions include: an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court which would have actually adversely affected the outcome of the prisoner's conviction or sentence; prisoner's possession of evidence which was not reasonably discoverable at the time of the trial but had such evidence been introduced at trial it would have caused a different result; and prisoner claims that his sentence has expired or his probation, parole or conditional release have been unlawfully revoked. Judge's claim does not fall within these exceptions. Judge's motion was filed well beyond the three year limitation prescribed in Mississippi Code Annotated Section 99-39-5 and we find that none of the exceptions apply; therefore, we find no error in the trial court's ruling.
¶ 6. Furthermore, we would point out that according to Mississippi Code Annotated Section 99-19-21 (Rev.2000), when a convicted felon is sentenced for a crime he committed while he was on supervised release for committing a previous crime, the two sentences cannot run concurrently, they must run consecutively.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.