975 So.2d 240 (2007)
Jeffery Thomas LASTER a/k/a Jeffrey Thomas Laster, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-01677-COA.
Court of Appeals of Mississippi.
January 9, 2007.
Rehearing Denied February 19, 2008.
*241 James D. Minor, Oxford, attorney for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. On August 15, 2002, Jeffery Thomas Laster was indicted by a DeSoto County grand jury on two counts of sexual battery. On September 10, 2002, Laster pled guilty to both counts and was sentenced to serve concurrent twenty-year sentences in the custody of the Mississippi Department of Corrections. On March 29, 2005, Laster moved for post-conviction relief, which was denied by the trial court on July 26, 2005. Laster appeals the denial of post-conviction relief, raising the following issues, which we quote verbatim:
I. THE PROSECUTION OF THE PETITIONER WAS TIME BARRED AND THE PLEA TO THE TIME BARRED OFFENSE WAS NOT A WAIVER IN AN ATTEMPT TO AVOID ANOTHER CHARGE OR A MORE SEVERE SENTENCE. APPELLANT WAS NEVER ADVISED OF THE STATUTE OF LIMITATIONS.
II. DID AMENDMENTS TO STATUTES OF LIMITATIONS MAINTAIN THE VIABILITY OF THE CHARGES AGAINST APPELLANT UNTIL THE 2002 COMPILATION OF THE MISSISSIPPI CODE?
Finding no error, we affirm the trial court's denial of post-conviction relief.

*242 ANALYSIS
¶ 2. In reviewing a trial court's denial of post-conviction relief, this Court will not disturb the trial court's findings of fact unless the findings are clearly erroneous. Felder v. State, 876 So.2d 372, 373(¶ 4) (Miss.2004). Questions of law, however, are reviewed de novo. Id. As Laster's appeal raises only questions of law, we proceed with a de novo review.
¶ 3. The indictment which charged Laster with two counts of sexual battery against a child under the age of fourteen was returned on August 15, 2002. The indictment alleged that the illegal acts occurred between January 1, 1988 and December 31, 1997. The applicable statute of limitations provides that prosecution for the crime of sexual battery against a child under the age of fourteen must be commenced on or before the victim's twenty-first birthday. Miss.Code Ann. § 99-1-5 (Rev.2000). The record reveals that the victim was six months shy of her twenty-first birthday upon commencement of Laster's prosecution. Laster, however, insists that the illegal acts occurred no later than 1990, and that the applicable statute of limitations provided that prosecution must be commenced within two years from the commission of the crime. Laster's assertion is based on an offhand remark made by the prosecutor at the plea hearing where she stated her "math puts [the victim] at between the ages of six and eight when the acts that occurred in Count II happened."[1]
¶ 4. Laster argues that his prosecution was barred by the applicable statute of limitations, and that his plea was involuntary because he was not advised of the applicable statute of limitations. Because the two issues raised by Laster are so intertwined, we address them as one.
¶ 5. "A valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment or information against a defendant." White v. State, 921 So.2d 402, 408(¶ 20) (Miss.Ct. App.2006) (quoting Reeder v. State, 783 So.2d 711, 720(¶ 36) (Miss.2001)). Our supreme court has held that the statute of limitations in a criminal case is not jurisdictional. Conerly v. State, 607 So.2d 1153, 1158 (Miss.1992). Rather, it is an affirmative defense that may be waived. Id. Therefore, so long as Laster entered a valid guilty plea, his statute of limitations argument is barred for consideration on appeal. Id.
¶ 6. A criminal defendant has the burden of proving that his guilty plea was not voluntarily, knowingly and intelligently given. State v. Santiago, 773 So.2d 921, 925(¶ 15) (Miss.2000). A plea is considered voluntarily, knowingly and intelligently given when a defendant is advised of the nature of the charge against him and the consequences of entering a guilty plea. Harris v. State, 806 So.2d 1127, 1130(¶ 9) (Miss.2002). In examining the thirty page plea colloquy, it is clear that the trial court ascertained that Laster was aware of the nature of the charges against him, knew the minimum and maximum sentence he could receive on the charges against him, and understood all of the constitutional rights he waived by pleading guilty. Accordingly, we find that the Laster's plea was voluntarily given. Likewise, since *243 Laster entered a valid guilty plea, his statute of limitations argument is barred.
¶ 7. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] However, the trial judge then asked the prosecutor if she was referring to the earliest time period in which the acts occurred, to which the prosecutor responded in the affirmative. Furthermore, the language of the indictment controls, and Laster had already pled guilty to the charges in the indictment before the prosecutor made the offhand remark about her calculation of the victim's age at the time the crimes occurred.