953 So.2d 1132 (2007)
Douglas BAILEY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-00119-COA.
Court of Appeals of Mississippi.
January 30, 2007.
Douglas Bailey, Appellant, pro se.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before KING, C.J., IRVING and GRIFFIS, JJ.
KING, C.J., for the Court.
¶ 1. On January 4, 2002, Douglas Bailey pled guilty to armed robbery and was sentenced to serve a term of eleven years in the custody of the Mississippi Department of Corrections. On December 29, 2005, Bailey filed a motion in the trial court seeking reconsideration of his sentence. Bailey asserted that he should be re-sentenced because the armed robbery conviction was his first offense, he plans to complete his education, he is of good character, and he has the potential to contribute to society by being a worthy citizen. Bailey also submitted eight identical affidavits, sworn by friends and family members, which attest to his good character and personal achievements. The trial court denied Bailey's motion, finding that he had not stated a valid ground for relief and that his motion for post-conviction relief was time-barred.
¶ 2. Finding no error, we affirm.

ANALYSIS
¶ 3. In reviewing a trial court's denial of post-conviction relief, this Court will not disturb the trial court's findings of fact unless the findings are clearly erroneous. *1133 Felder v. State, 876 So.2d 372, 373(¶ 4) (Miss.2004). Questions of law, however, are reviewed de novo. Id.
¶ 4. "The Mississippi Uniform Post-Conviction Collateral Relief Act provides the exclusive and uniform procedure for the collateral review of convictions and sentences in the state." Judge v. State, 933 So.2d 1012, 1013(¶ 4) (Miss.Ct.App. 2006). A criminal defendant who pleads guilty has three years from the entry of the judgment of conviction to seek post-conviction relief. Mississippi Code Annotated § 99-39-5(2) (Rev.2000). Bailey filed his petition for relief almost four years after pleading guilty. Therefore, the trial court was correct in finding that the petition was time-barred. Further, Bailey meets none of the exceptions to the three-year time limitation. Accordingly, we affirm the trial court's denial of post-conviction relief.
¶ 5. THE JUDGMENT OF THE COAHOMA COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.