969 So.2d 119 (2007)
James M. COCHRAN a/k/a James Monroe Cochran, Sr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01364-COA.
Court of Appeals of Mississippi.
July 24, 2007.
*120 James M. Cochran, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before MYERS, P.J., CHANDLER and GRIFFIS, JJ.
GRIFFIS, J., for the Court.
¶ 1. James M. Cochran, a/k/a James Monroe Cochran, Sr., was indicted for Count I  rape, Count II  possession of a firearm by a convicted felon, and Count III  failure to register as a sex offender. Cochran pled guilty to incest in Count I and to possession of a firearm by a felon in Count II. The trial court sentenced him on Count I to serve a term of ten years, day for day, in the custody of the Mississippi Department of Corrections and fined him $10,000. The trial court sentenced him on Count II to serve a term of three years, to *121 be served consecutively to Count I, and fined him $5,000. Cochran filed a motion for post-conviction relief, which was dismissed as untimely. He appeals and argues that: (1) his petition was not time-barred, (2) his plea was involuntary, (3) his sentence is illegal, (4) the indictment is defective, and (5) his counsel was ineffective. We find no error and affirm.

STANDARD OF REVIEW
¶ 2. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, this Court's proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

ANALYSIS

I. Is Cochran's petition time-barred?

II. Was Cochran's plea voluntary?
III. Did Cochran receive ineffective assistance of counsel?
¶ 3. Cochran maintains it was error to procedurally bar his appeal, because the issues raised all survive the time bar. The State responds that all issues were raised untimely and are barred.
¶ 4. Cochran pled guilty on November 29, 2000. He did not seek post-conviction relief until October 27, 2005. A person who pleads guilty to a crime has three years from the date of entry of the judgment of conviction in which to file a motion for post-conviction relief. Miss. Code Ann. § 99-39-5(2) (Supp.2006). The statutory exceptions to the time bar include cases where:
there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Id. Furthermore, this statute of limitations does not apply to "errors affecting fundamental constitutional rights, such as the right to a legal sentence. . . ." Ivy v. State, 731 So.2d 601, 603(¶ 13) (Miss.1999). Nevertheless, "the mere assertion of a constitutional violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived." Stovall v. State, 873 So.2d 1056, 1058(¶ 7) (Miss.Ct.App.2004).
¶ 5. The time bar includes the petitioner's post-conviction relief claims based on involuntariness of guilty pleas and ineffective assistance of counsel. Belmer v. State, 893 So.2d 250, 252(¶ 5) (Miss.Ct.App. 2004). Since Cochran makes no arguments that the statutory or constitutional claims exceptions apply to his voluntariness or ineffective counsel claims, we hold these claims are time-barred.
¶ 6. Notwithstanding any procedural bar on Cochran's ineffective assistance claim, it is without merit. To prove ineffective assistance of counsel, Cochran must demonstrate that his counsel's performance was deficient, and this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Cochran makes no allegation of prejudice.
*122 ¶ 7. We now reach his remaining issues. Unless there appears to be some basis for an exception, we must consider each issue time-barred as well.
IV. Is Cochran's sentence illegal?
¶ 8. Cochran maintains that his ten year, day-for-day, sentence and $10,000 fine exceeded the statutory maximum for the crime of incest. Cochran pled guilty to the crime of incest by "willfully, unlawfully, and feloniously hav[ing] sexual intercourse with [his] niece." Mississippi Code Annotated Section 97-29-5 provides that "[p]ersons being within the degrees within which marriages are prohibited by law to be incestuous and void . . . who shall . . . be guilty of a single act of adultery or fornication, upon conviction, shall be punished by imprisonment . . . for a term not exceeding ten (10) years." The statute does not permit a fine, nor carry a mandatory day-for-day sentence. Additionally, Cochran was not indicted as an habitual offender.
¶ 9. Section 47-7-3 gives the parole board exclusive responsibility to grant or deny parole, and parole is not part of the court's sentencing power. Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990). Any such language included in a sentencing order is mere surplusage and will not render the sentence illegal. Gardner v. State, 514 So.2d 292, 294 (Miss.1987); Norwood v. State, 846 So.2d 1048, 1050(¶ 3) (Miss.Ct.App.2003).
¶ 10. Here, however, Cochran pled guilty to a sex crime. Under Mississippi Code Annotated Section 47-7-3(1)(b), he is not eligible for parole. He is not eligible for earned time allowance. Miss. Code Ann. § 47-5-139(1)(d) (Rev.2004). Given this, we find no error in the sentence. It is not the trial court which makes Cochran's sentence mandatory. It is the legislature, which acted within its constitutional power. Hinton v. State, 947 So.2d 979(¶ 6) (Miss.Ct.App.2006).
¶ 11. Further, although the statute did not provide for a fine, the trial court did have authority to impose a fine. Felder v. State, 876 So.2d 372, 374(¶ 8) (Miss.2004). The authority derives from Mississippi Code Annotated Section 99-19-32(1) (2000), which provides:
Offenses punishable by imprisonment in the State Penitentiary for more than one (1) year and for which no fine is provided elsewhere by statute may be punishable by a fine not in excess of Ten Thousand Dollars ($10,000). Such fine, if imposed, may be in addition to imprisonment or any other punishment or penalty authorized by law.
Since the crime of incest, under section 97-29-5, is punishable by imprisonment for more than one year and is not otherwise subject to fine, Cochran was subject to a fine not to exceed $10,000.
¶ 12. This issue has no merit.
V. Was the rape indictment fatally defective?
¶ 13. Cochran argues that his rape indictment was fatally defective because: (1) it was not filed by the circuit clerk, (2) it did not include the victim's age, and (3) the alleged date of offense was not specific enough. The State does not address this argument.
¶ 14. Count I alleged that Cochran, in Greene County, Mississippi:
between February 1 through February 28, 1998, did feloniously and unlawfully have sexual intercourse with [Jane Doe[1] ], a child above the age of fourteen years at the time in question, but without the consent of the said [Jane Doe] by administering *123 alcohol to her which produced such a stuper [sic] or such inability of mind or weakness of body as to prevent effectual resistence [sic]
. . . .
contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
It was signed by the district attorney and forewoman of the grand jury. The forewoman's affidavit was notarized and dated by the circuit clerk on November 5, 1999. It was not file stamped. It was recorded on pages 1 and 2 in Cause Number 21-99-10,007(3).
¶ 15. A valid guilty plea waives all non-jurisdictional defects to an indictment. Kincaid v. State, 711 So.2d 873, 877(¶ 19) (Miss.1998). It does not waive the failure to charge a criminal offense or subject matter jurisdiction. Id. at (¶ 20).
A. Indictment not filed
¶ 16. "An indictment shall include . . . [t]he date on which the indictment was filed in court. . . ." URCCC 7.06. "All indictments . . . must be marked `filed,' and such entry be dated and signed by the clerk." Miss.Code Ann. § 99-7-9 (Rev. 2000). If not, the indictment is invalid. Williamson v. State, 64 Miss. 229, 232-33, 1 So. 171, 172 (1887). However, the error is merely procedural where the facts reveal that the indictment was returned by the grand jury and not manufactured by the State. Watts v. State, 828 So.2d 835, 842(¶ 15) (Miss.Ct.App.2002).
¶ 17. For example, in Watts, the "evidence was clear that the indictment was filed in Minute Book 12 page 451 of the Winton County Circuit Court." Id. In Kincaid, there was no error where the clerk's copy of the indictment was stamped filed by the clerk. Kincaid, 711 So.2d at 877(¶ 21).
¶ 18. Here, the circuit clerk notarized the forewoman's affidavit on the indictment, signed and dated the indictment, and recorded it in the court file. The clerk assigned it a cause number and handwrote it on the indictment. Although she failed to stamp the indictment "filed," the evidence is clear that the indictment was returned by the grand jury and not manufactured by the State. The error is therefore procedural only and does not overcome the time bar.
B. Victim's age
¶ 19. Cochran complains that the victim's age was an essential element of rape. He believes that failure to list her age deprived him of complete notice of the charge and any potential defenses.
¶ 20. Cochran was charged with rape "by administering to such person any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance." Miss.Code Ann. § 97-3-65(4)(a) (Rev.2006). This language was quoted nearly verbatim in the indictment. Jane's age is not an essential element of this crime. This issue has no merit.
C. Date of offense
¶ 21. Finally, Cochran complains that February 1998 is not a specific enough date. Since this argument goes neither to an essential element nor subject matter jurisdiction in this case, this issue is time-barred.

CONCLUSION
¶ 22. The circuit court correctly dismissed Cochran's petition. He failed to demonstrate a claim which successfully defeated the time bar.
*124 ¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY DISMISSING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
NOTES
[1] To protect the identity of the victim, we use a fictitious name.