IRVING, J.,
 

 for the Court:
 

 ¶ 1. Joe Louis Amerson Jr., pro se, appeals the denial of his motion for post-conviction relief (PCR). Amerson asserts that the Circuit Court of Lauderdale County erred in finding his allegation of an illegal sentence to be time-barred pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2009). Finding that Amer-son untimely filed his PCR motion, we affirm the judgment of the circuit court.
 

 STATEMENT OF THE CASE
 

 ¶ 2. On August 6, 2004, Amerson pleaded guilty to robbery and was sentenced to fifteen years’ imprisonment as a habitual offender. Amerson had two prior felony convictions and sentences of over one year’s imprisonment in Mississippi and five such prior convictions and sentences in Florida. In addition to the robbery count to which Amerson pleaded guilty, he was also charged with three additional counts of robbery, as well as one count of armed robbery. As a result of his guilty plea to the single count of robbery, the State agreed to dismiss the three additional robbery counts, as well as the one armed robbery count.
 

 ¶ 8. On January 16, 2009, Amerson filed a PCR motion in the Lauderdale County Circuit Court. In his PCR motion, Amer-son alleged that one of his previous felony convictions in Mississippi had occurred in 1975, which was two years prior to the effective date of Mississippi Code Annotated section 99-19-81 (Rev.2007) (one of two habitual-offender statutes), which mandates enhanced sentencing for a person convicted of a third felony.
 
 [1]
 
 Amerson contended that reliance on the 1975 conviction as a prior offense for habitual-offender status constituted an illegal, ex post facto, sentence. Additionally, Amerson contended that his plea was involuntary because: (1) he was not informed that the sentence violated the prohibition against ex post facto laws, (2) he was not informed that the State had failed to prove that he had an underlying felony involving a crime of violence, and (3) he was threatened with a sentence of life imprisonment and was given no choice but to plead guilty.
 
 [2]
 
 Amer-son contended that because his sentence was illegal, his PCR claim implicated a fundamental constitutional right, exempting it from the three-year time bar of Mississippi Code Annotated section 99-39-5(2).
 

 ¶ 4. The circuit court found that Amer-son’s PCR motion was untimely, as well as without merit. The circuit court noted that nothing evidenced that the Mississippi Legislature intended that convictions entered prior to the enactment of our habitu
 
 *194
 
 al-offender statutes should not be considered as previous convictions for habitual-offender status. The circuit court also noted that Amerson had five previous convictions in Florida which post-dated the enactment of our habitual-offender statutes, one of which was for robbery with a deadly weapon. The circuit court further noted that the plea colloquy left no doubt that Amerson’s plea was knowingly and intelligently made.
 

 ANALYSIS AND DISCUSSION OF THE ISSUES
 

 ¶ 5. Amerson contends that his PCR motion is not time-barred because the sentence given to him is illegal, thus implicating a fundamental right. Our supreme court has found that an illegal sentence may implicate a fundamental right and that a claim implicating a fundamental right may be excepted from the three-year time bar of section 99-39-5.
 
 Sneed v. State,
 
 722 So.2d 1255, 1257 (¶11) (Miss.1998). However, “the mere assertion of a constitutional violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.”
 
 Cochran v.
 
 State, 969 So.2d 119, 121 (¶ 4) (Miss.Ct.App.2007) (quoting
 
 Stovall v. State,
 
 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004)).
 

 ¶ 6. In this case, the record shows that, in 1980, Amerson was convicted of armed robbery and, in 1975, of jail escape, with both convictions having occurred in the Lauderdale County Circuit Court. Amerson contends that the 1975 conviction could not serve as a previous felony conviction for habitual-offender status, because the conviction predated the effective date of Mississippi’s habitual-offender statute. Section 99-19-81 became effective on January 1, 1977. A plain reading of this law does not require underlying felony convictions to have occurred after the statute’s effective date. Moreover, Amerson fails to site any legal authority for this proposition. “When a party on appeal assigns an error without any citation to authority, [appellate courts] will deem this failure to cite any authority as a procedural bar.”
 
 Givens v. State,
 
 967 So.2d 1, 8 (¶ 20) (Miss.2007) (citing
 
 Turner v. State,
 
 721 So.2d 642, 649 (¶ 27) (Miss.1998)). Therefore, Amerson’s failure to cite legal authority is reason alone to find no merit to his contentions. However, even if this Court were to consider whether Amerson asserted a col-orable claim that his 1975 conviction of jail escape should not be considered in determining his habitual-offender status, the record shows that he had been convicted of five felonies in Florida, four in 1988 and one 1986. Therefore, the circuit court did not eir in finding that not only is Amer-son’s claim of an illegal sentence time-barred, but also that Amerson was correctly indicted as a habitual offender and subject to the provisions of section 99-19-81.
 

 ¶ 7. Amerson contends that his sentence is illegal because his plea was entered unknowingly and involuntarily. Amerson again contends that because his sentence is illegal, his PCR motion implicates a fundamental constitutional right that exempts his claim from the three-year time bar of section 99-39-5(2). The record shows that Amerson was advised by the circuit court that if he did not take the plea, the State could try him upon the charge that he ultimately pleaded guilty to, as well as the other four felony charges that were pending in Lauderdale County, and if he was convicted upon any of those charges, he would be sentenced to life imprisonment •without the possibility of parole. Amerson contemplated his choices. The record shows that the circuit court gave him time to consult privately with his attorney. He told the circuit court that he had consid
 
 *195
 
 ered that — because he was forty-eight years old — a fifteen-year sentence would be “almost [his] whole life,” he wished to accept the State’s offer, as there was a possibility that he would not spend the rest of his life in prison. There was no coercion involved in Amerson’s entry of his guilty plea. Amerson’s claim that his guilty plea was involuntary lacks even a scintilla of merit and, therefore, cannot be found to escape the three-year time bar.
 
 See, e.g., Cochran,
 
 969 So.2d at 121 (¶ 4).
 

 ¶ 8. Amerson’s contentions that his sentence is illegal are without merit; therefore, no fundamental right can be implicated. The circuit court did not err in denying Amerson’s PCR motion as both time-barred and without merit.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.
 

 [1]
 

 . This section mandates that the sentence shall be the maximum term of imprisonment prescribed for such felony and requires that the two previous felony convictions must have emanated from charges separately brought and arising out of separate incidents at different times and resulting in separate sentences of one year or more in any state and/or federal penal institution. Mississippi’s other habitual-offender statute, Mississippi Code Annotated section 99-19-83 (Rev.2007), provides that a person convicted of a third felony shall be sentenced to life imprisonment if one of the two prior felony convictions was for a crime of violence.
 

 [2]
 

 . He described his predicament as a "do or die” situation.