# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00151-COA

**MELVIN LAVON TONEY A/K/A MELVIN TONEY**                                        **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                              **APPELLEE**

DATE OF JUDGMENT:              01/20/2023
TRIAL JUDGE:                         HON. BRAD ASHLEY TOUCHSTONE
COURT FROM WHICH APPEALED:    MARION COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       MELVIN LAVON TONEY (PRO SE)
ATTORNEY FOR APPELLEE:        OFFICE OF THE ATTORNEY GENERAL
                              BY: SCOTT STUART
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                  AFFIRMED - 02/20/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., McDONALD AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Melvin Toney filed a motion for post-conviction collateral relief (PCR) in the Marion County Circuit Court seeking relief from his conviction of and sentence for the introduction of a controlled substance into a correctional facility. After his motion was denied, Toney appealed.

## FACTS AND PROCEDURAL HISTORY

¶2.     A Marion County grand jury returned a three-count indictment on May 12, 2017, charging Toney with two counts of introduction of a controlled substance into a correctional facility and one count of attempted tampering with evidence. The indictment charged that all three of these offenses were committed on or about June 26, 2015. On October 11, 2021,

Toney entered a guilty plea to the introduction of a controlled substance into a correctional facility as charged in Count I of the indictment. A judgment of conviction and sentencing order was entered on that same date.

¶3. On January 9, 2023, Toney filed his PCR motion alleging that his conviction should be vacated. Toney contends in his motion that

> his conviction and sentence derived from the violation of his fundamental constitutional rights to the effective assistance of trial counsel - - and to due process of law; when pursuant to the Miss. Code Ann. § 99-1-5, the court erroneously accepted petitioner's guilty plea and imposed sentence to a charged offense in which the time to prosecute by the State had expired. Whether the Court view this claim under the Sixth Amendment (right to the effective assistance), or the Fourteenth Amendment to due process (right to a fair trial) - - petitioner have been denied fundamental constitutional rights, and post conviction relief is warranted herein.

Toney contends that the two-year statute of limitations in Mississippi Code Annotated section 99-1-5 (Rev. 2014) prohibited his prosecution in this matter. He bases his argument on the fact that the date of the offense was June 26, 2015, and his "time of prosecution" was October 12, 2021, the date of his guilty plea, conviction, and sentence. The trial court denied his claim for relief and summarily dismissed his PCR motion, finding that pursuant to section 99-1-7 (Rev. 2014), Toney's prosecution began when the indictment was returned within two years of the date of the offense.

## STANDARD OF REVIEW

¶4. In *McConn v. State*, 355 So. 3d 779, 782-83 (¶9) (Miss. Ct. App. 2023), this Court held:

> A circuit court may summarily dismiss a PCR motion "[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings

2

in the case that the movant is not entitled to any relief." Miss. Code Ann. § 99-39-11(2) (Rev. 2020). The Mississippi Supreme Court has stated that summary "dismissal of a PCR motion is proper where it appears beyond a doubt that the [movant] can prove no set of facts in support of his claim which would entitle him to relief." *State v. Santiago*, 773 So. 2d 921, 924 (¶11) (Miss. 2000) (quotation marks omitted). "Our review of the summary dismissal of a PCR motion, a question of law, is de novo." *Nichols v. State*, 265 So. 3d 1239, 1241 (¶6) (Miss. Ct. App. 2018) (citing *Young v. State*, 731 So. 2d 1120, 1122 (¶9) (Miss. 1999)).

## ANALYSIS

¶5. Toney is correct that section 99-1-5 provides a two-year statute of limitations for the offense charged. However, as noted by the trial judge, section 99-1-7 provides:

> A prosecution may be commenced, within the meaning of Section 99-1-5 by the issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit.

Therefore, Toney's prosecution began with the return of the indictment and not the date he entered his guilty plea. Further, in *Edmondson v. State*, 17 So. 3d 591, 595-96 (¶¶11-12) (Miss. Ct. App. 2009), this Court stated:

> Edmondson argues that he should not have been sentenced since Mississippi Code Annotated section 99-1-5 (Rev.2007) states that a person shall not be prosecuted for any offense, minus some excepted crimes which are not applicable in the present case, "unless the prosecution for such offense be commenced within two (2) years next after the commission thereof." However, the entry of Edmondson's guilty plea waived this defense. "A valid guilty plea admits all elements of a formal charge and operates as a waiver of all non-jurisdictional defects[,]" including the statute of limitations in a criminal case. *Laster v. State*, 975 So. 2d 240, 242 (¶5) (Miss. Ct. App. 2007) (citations omitted). A statute of limitations claim is an affirmative defense, which may be waived upon the entry of a valid guilty plea. *Id*.
>
> Further, we find no merit to Edmondson's assertion that his prosecution was barred. Under Mississippi Code Annotated section 99-1-7 (Rev.2007), "[a] prosecution may be commenced, within the meaning of Section 99-1-5 by the

issuance of a warrant, or by binding over or recognizing the offender to compel his appearance to answer the offense, as well as by indictment or affidavit." (Emphasis added). Edmondson was arrested for possession of marijuana on August 12, 1993, and was indicted for the offense on August 10, 1994. Therefore, the prosecution against Edmondson commenced on the day that he was indicted, only one year after he committed the offense, and tolled the statute of limitations.

¶6. Accordingly, Toney's prosecution began with his indictment on May 12, 2017, which was within two years of the date of the offense on June 26, 2015. Further, as in *Edmondso*n, any claim he may have had as to the application of the statute of limitations was waived by the entry of his guilty plea.

**CONCLUSION**

¶7. From the face of his motion and the record of the prior proceedings, we find that Toney was clearly not entitled to any relief and that the trial court did not err by denying the relief requested and summarily dismissing Toney's PCR motion.

¶8. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**